**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NIKHIL JHAVERI, an individual and ELA JHAVERI, an individual,<br><br>　　　　Plaintiffs - Appellants,<br><br>　v.<br><br>ADT SECURITY SERVICES, INC.,<br><br>　　　　Defendant - Appellee. | No. 12-56201<br><br>D.C. No. 2:11-cv-04426-MWF-PLA<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted July 9, 2014
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

Appellants Nikhil Jhaveri and Ela Jhaveri seek review of the district court's

order granting appellee ADT Security Services, Inc.'s motion for judgment on the

pleadings. Plaintiffs allege that the district court failed to consider relevant state

law precedent, and erred in not granting plaintiffs leave to amend their complaint.

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We review the district court's order de novo. We affirm in part, reverse and remand.

In granting ADT's motion for judgment on the pleadings, the district court found that plaintiffs alleged a breach only of ADT's contractual duties, and did not demonstrate that ADT breached a duty arising outside the parties' agreement. We agree with the district court that, to the extent plaintiffs seek a remedy for a breach of contract, that remedy is limited to the liquidated damages provision in the parties' agreements. However, reading the complaint in the light most favorable to the plaintiffs, they allege negligence *independent* of the contract, just as a patient can sue a doctor for negligence even though the patient and doctor also have a contractual relationship. *See Erlich v. Menezes*, 21 Cal.4th 543, 551 (1999).

Even if plaintiffs' original complaint had not alleged a duty independent of the contract, plaintiffs sought leave to amend their complaint. We agree with the plaintiffs that the district court erred in denying this request. A district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. *Lacey v. Maricopa County.*, 693 F.3d 896, 926 (9th Cir. 2012). Plaintiffs claim that their proposed amendments allege that ADT violated a duty independent of the parties' contract, such as the exercise of reasonable care in

hiring.  We make no determination that plaintiffs' proposed amendments would pass muster under Rule 12(b)(6) or survive a motion for summary judgment.  We hold only that, under the particular circumstances of this case, plaintiffs' proposed amended complaint is not frivolous and that leave to amend should have been granted.

Each party is to bear its own costs.

**AFFIRMED IN PART; REVERSED and REMANDED.**